(May 24, 1965)

DOROTHY BERNHEIM, Respondent, v. SEYMOUR BERNHEIM, Appellant.— In an action for a judicial separation, the defendant husband appeals: (1) from a judgment of the Supreme Court, Nassau County, entered September 4, 1964 upon the opinion and amended opinion of a Special Referee after a nonjury trial before him, which, *inter alia*, granted the plaintiff wife a separation; and (2) from so much of an order of said court, entered March 6, 1964 upon reconsideration, as adhered to the original decision and: (a) granted to the plaintiff temporary alimony of $175 per week together with $50 per week for the support and maintenance of the two infant children of the parties; (b) denied visitation rights to the defendant; and (c) refused to credit him with voluntary payments made by him for the benefit and in behalf of the plaintiff and the infant children during a certain period. Order of March 6, 1964, insofar as appealed from, affirmed, without costs. Judgment modified on the law and the facts by deleting from its fifth decretal paragraph (which defines the "carrying charges" of the wife's residence), the words: "heating, lighting, gardening [and] painting." As so modified, the judgment is affirmed, with costs to the plaintiff. The findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion,

"heating, lighting, gardening [and] painting" may not, under the circumstances here, be deemed to be the "charges usual in carrying a home." We are also of the view that the proof was adequate to support the view of the learned Special Referee that the defendant's income exceeded $10,000 a year. In our opinion, the defendant's income more nearly approximated $15,000 a year. Hence, the obligations imposed upon defendant by the judgment were proper. We have considered the question of admission into evidence of the proposed separation agreements drawn while the parties were negotiating for settlement prior to the commencement of this action. While these proposed agreements should not have been received into evidence, the error may be disregarded. In our opinion, such error did not result in prejudice to any substantial right of the defendant (CPLR 2001, 2002). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.